[Civ. No. 50168. Second Dist., Div. Four. Aug. 9, 1977.]

LOUIS LA BELLA, Plaintiff and Respondent, v.
KAISER FOUNDATION HEALTH PLAN, INC., et al.,
Defendants and Respondents;
ROGER DETELS, Appellant.

**COUNSEL**

Donald L. Reidhaar, James E. Holst, David A. Dorinson and John F. Lundberg for Appellant.

No appearance for Plaintiff and Respondent.

Thelen, Marrin, Johnson & Bridges, Robert K. Worrell and Karl W. Urland for Defendants and Respondents.

**OPINION**

**KINGSLEY, J.**—In a medical malpractice action by plaintiff against the defendants and respondents Kaiser Foundation Health Plan, Inc. the trial court made and entered an order directing appellant, Dr. Detels, to permit the defendants to see, for the purpose of that action only, the hospital and medical records of plaintiff in his custody. Dr. Detels has appealed; we dismiss the appeal.

Dr. Detels is not a party to the action. His only connection with the case is that he was served with a subpoena duces tecum requiring him to attend a deposition hearing and to produce specified records. Only a party has a right of appeal. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeals, § 114, p. 4114.) Now that the trial court has overruled Dr. Detel's claim of privilege, he can either comply or subject himself to a contempt order. Such an order, if made, is reviewable in this court by

habeas corpus or by writ of review. That is the only procedure by which a nonparty witness may secure relief from a discovery order.

The appeal is dismissed.

Files, P. J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 6, 1977.